UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAINT DEJUAN MOORE,

    Plaintiff,

v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 14-cv-05637-JSC

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Docket No. 2

Plaintiff Saint DeJuan Moore, proceeding *in forma pauperis*, alleges that the Oakland Police Department and California Highway Patrol Officers violated his Fourth Amendment rights and subjected him to false arrest and malicious prosecution. (Dkt. No. 2.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 6.) Plaintiff has consented to the jurisdiction of a Magistrate Judge. (Dkt. No. 7.) The Court must now review the Complaint under 28 U.S.C. § 1915(e). Because the Complaint fails to state a claim as written, the Court DISMISSES the complaint without prejudice and grants Plaintiff leave to amend consistent with this Order.

## LEGAL STANDARD

Federal courts are given the authority to dismiss a case if the action is legally 'frivolous or malicious,' fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. *Id.* The Court retains discretion over the terms of dismissal, including whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of the Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which

relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## ALLEGATIONS IN THE COMPLAINT

According to the complaint, on December 27, 2012, Plaintiff was a passenger in a car that was involved in a fatal collision. (Dkt. No. 1 ¶ 7.) Following the collision, Plaintiff was arrested, charged with, and prosecuted for vehicular manslaughter. (*Id.* ¶ 8.) After 18 months of pretrial detention in the Alameda County Jail, the charges against him were dismissed after DNA tests confirmed that he was not, in fact, the driver of the car. (*Id.* ¶¶ 9-11.) Plaintiff was released from custody on May 9, 2014. (*Id.* ¶ 11.)

Plaintiff brings claims against the officers involved in his arrest and prosecution in their individual capacities and against City of Oakland. With respect to the arrest, Plaintiff alleges that no reasonable officer would have found grounds to arrest him and that the warrantless arrest occurred without probable cause. (*Id.* ¶¶ 15, 19.) With respect to the prosecution, Plaintiff alleges that the officers were substantially involved in the prosecution, that they acted "for a purpose other than to bring the Plaintiff to justice[,]" and that the criminal proceedings against him ended in his favor. (*Id.* ¶¶ 13-16.) Finally, regarding municipal liability, Plaintiff alleges that the City of Oakland failed to adequately train or supervise its officers about the dangers of false arrest and malicious prosecution—in other words, that the City's deliberate indifference contributed to his

injuries. (*Id.* ¶¶ 23-26.)

Based on these allegations, Plaintiff seeks compensatory damages from all defendants, and punitive damages from the individual officers, and reasonable attorneys' fees and costs. (*Id.* at 5.)

## DISCUSSION

### I. Plaintiff's Cause of Action for False Arrest & Malicious Prosecution

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To make a valid claim for false arrest, the plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir.2012); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his Section 1983 claim for false arrest . . . , [Plaintiff] would have to demonstrate that there was no probable cause to arrest him."). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe that the suspect had committed a crime." *March v. Twin Cities Police Auth.*, C 14-00512 SI, 2014 WL 3725931, at *4 (N.D. Cal. July 25, 2014) (internal quotation marks and citation omitted).

Here, Plaintiff has failed to allege any facts that suggest why he believes he was arrested without probable cause, let alone facts that support a probable inference that he was in fact arrested without probable cause. The sole fact alleged relating to the circumstances of Plaintiff's arrest is that Plaintiff was the passenger in the car. (Dkt. No. 1 ¶ 7.) Besides that, the complaint only includes the conclusory allegation that there was no probable cause to believe he should be arrested. There are no allegations regarding the facts that would have been known to the arresting officers or any other facts about the scene of the arrest. *See March*, 2014 WL 3725931, at *4. As written, Plaintiff has not alleged sufficient facts identifying what was improper about the arrest. *See Heyward v. Cal. Highway Patrol*, No. C-14-03583 DMR, 2014 WL 4771567, at *3 (N.D. Cal. Sept. 24, 2014) (dismissing Section 1983 claims involving an allegedly false police report because

3

the complaint did not specify what was false about the report).  The allegations of false arrest in the first cause of action are therefore dismissed.

Similarly, the complaint fails to adequately plead a claim of malicious prosecution. Malicious prosecution claims under Section 1983 are based on state law elements.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987); *see, e.g.*, *Gressett v. Contra Costa Cnty.*, No. C-12-3798 EMC, 2013 WL 2156278, at *11 (N.D. Cal. May 17, 2013).  In California, a plaintiff may demonstrate malicious prosecution by establishing that the underlying prosecution (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. *Zamos v. Stroud*, *32* Cal. 4th 958, 965 (2004) (citations and quotation marks omitted, emphasis removed).

Here, Plaintiff has pleaded facts sufficient to meet the first and third elements of the *Zamos* test.  With respect to the first element, Plaintiff has alleged that the unknown arresting officers "caused the initiation of false charges" against Plaintiff and "were actively involved in causing the Plaintiff to be prosecuted[,]" (Dkt. No. 1 ¶ 12); and that the charges were dismissed due to the discovery of exculpatory evidence (*id.* ¶¶ 10-11).  *See Gressett*, 2013 WL 2156278, at *11 (noting that where dismissal of criminal charges "is of such a nature as to indicate the innocence of the accused, it is a favorable termination" for the purposes of malicious prosecution).  But Plaintiff has alleged only that the officers "act[ed] with malice" in initiating the charges against him (Dkt. No. 1 ¶ 12), which is not enough.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate.").  As with the false arrest charges, Plaintiff has failed to plead sufficient facts to set forth a plausible claim that he was arrested without probable cause.  *See March*, 2014 WL 3725931, at *4 (describing the facts that must be considered when determining whether there is probable cause to believe that an individual has committed a crime).  Accordingly, as written—specifically, absent facts that support the absence of probable cause against Plaintiff—the complaint does not state a claim for malicious prosecution.

Accordingly, the first cause of action of Plaintiff's complaint must be dismissed.

### IV. Plaintiff's Cause of Action for Municipal Liability

As his second cause of action, Plaintiff alleges a Section 1983 claim against Defendant City of Oakland for municipal liability based on the alleged violations of Plaintiff's Fourth Amendment rights. (Dkt. No. 1 ¶¶ 23-26.) To establish liability for governmental entities and municipalities under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978), "a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Here, Plaintiff's allegations fail to satisfy the first element of this test. As explained above, Plaintiff has failed to adequately allege a violation of his Fourth Amendment rights; therefore, plaintiff has failed to allege that he possessed a constitutional right of which he was deprived. Notably, the complaint otherwise includes allegations of deliberate indifference and failure to train that constituted a policy, which courts generally find to be sufficient to state a claim of municipal liability. *See Burns v. City of Redwood City*, 737 F. Supp. 2d 1047, 1063 (N.D. Cal. 2010). Thus, with added facts, the second cause of action may well pass muster under Section 1915; accordingly, the Court dismisses without prejudice Plaintiff's second cause of action for *Monell* liability against Defendant City of Oakland and grants Plaintiff leave to amend. *See, e.g.*, *March*, 2014 WL 3725931, at *9 (dismissing without prejudice the plaintiff's *Monell* claim where he had failed to allege facts sufficient to support a claim that officers had arrested him without probable cause).

### CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to amend his Section 1983 false arrest and malicious prosecution claims. If Plaintiff elects to file an amended complaint, he must provide detailed factual allegations that support his claim. He shall allege facts sufficient to support a plausible inference that he was arrested without probable cause. This requirement means that in the text of the amended

complaint he must explain the facts that support his belief that the arresting officer did not have probable cause.  If Plaintiff elects to file an amended complaint, he must do so on or before February 9, 2015.  This Order disposes of Docket No. 2.

**IT IS SO ORDERED**.

Dated:  January 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge