UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT DEJUAN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No.  14-cv-05637-JSC<br><br>**ORDER REVIEWING THE FIRST AMENDED COMPLAINT UNDER SECTION 1915 AND ORDERING SERVICE BY THE MARSHAL**<br><br>Docket No. 2 |

Plaintiff Saint DeJuan Moore, proceeding *in forma pauperis*, alleges that the Oakland Police Department and California Highway Patrol Officers violated his Fourth Amendment rights and subjected him to false arrest and malicious prosecution.  (Dkt. No. 2.)  Plaintiff has consented to the jurisdiction of a Magistrate Judge.  (Dkt. No. 7.)  The Court previously granted Plaintiff's application to proceed *in forma pauperis* and reviewed the Complaint under 28 U.S.C. § 1915(e) and found the claims insufficiently pled, but granted Plaintiff leave to amend his claims.  *See Moore v. City of Oakland*, No. 14-5637, 2015 WL 333058, at *1 (N.D. Cal. Jan. 23, 2015).  Now before the Court is Plaintiff's amended complaint ("First Amended Complaint" or "FAC").  (Dkt. No. 10.)  The FAC has cured the defects in the original complaint and now state a claim for relief.  Accordingly, the FAC passes Section 1915 review and must proceed to service by the Marshals.

**LEGAL STANDARD**

Federal courts are given the authority to dismiss a case if the action is legally 'frivolous or malicious,' fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  *Id.*  The Court retains discretion over the terms of dismissal, including whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Regarding dismissals for failure to state a claim, Section 1915(e)(2)

parallels the language of the Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

On December 27, 2012, Plaintiff was a passenger in a car that was involved in a fatal collision. (Dkt. No. 10 ¶ 7.) The arresting officers knew that Plaintiff was a passenger in the car, not the driver, as Plaintiff was located in the passenger seat when the officers arrived. (*Id.* ¶¶ 8, 15-16.) Following the collision, Plaintiff was arrested, charged with, and prosecuted for vehicular manslaughter. (*Id.* ¶¶ 8-9.) After 18 months of pretrial detention in the Alameda County Jail, the charges against him were dismissed after DNA tests confirmed that he was not, in fact, the driver of the car. (*Id.* ¶¶ 9-11.) Plaintiff was released from custody on May 9, 2014. (*Id.* ¶ 11.)

Plaintiff brings claims against the officers involved in his arrest and prosecution in their individual capacities and against City of Oakland. With respect to the arrest, Plaintiff alleges that no reasonable officer would have found grounds to arrest him because there was neither a warrant nor probable cause, given that the responding officers knew that Plaintiff was located in the passenger seat and therefore was not the driver. (*Id.* ¶ 8, 20.) With respect to the prosecution, Plaintiff alleges that the officers were substantially involved in the prosecution, that they acted

1   "for a purpose other than to bring the Plaintiff to justice[,]" and that the criminal proceedings
2   against him ended in his favor. (*Id.* ¶¶ 15-16.) Finally, regarding municipal liability, Plaintiff
3   alleges that the City of Oakland failed to adequately train or supervise its officers about the
4   dangers of false arrest and malicious prosecution—in other words, that the City's deliberate
5   indifference contributed to his injuries. (*Id.* ¶¶ 23-26.)
6         Based on these allegations, Plaintiff seeks compensatory damages from all defendants, and
7   punitive damages from the individual officers, and reasonable attorneys' fees and costs. (*Id.* at 5.)

## DISCUSSION

### I. Plaintiff's Cause of Action for False Arrest & Malicious Prosecution

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To make a valid claim for false arrest, the plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir.2012); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his Section 1983 claim for false arrest . . . , [Plaintiff] would have to demonstrate that there was no probable cause to arrest him."). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe that the suspect had committed a crime." *March v. Twin Cities Police Auth.*, C 14-00512 SI, 2014 WL 3725931, at *4 (N.D. Cal. July 25, 2014) (internal quotation marks and citation omitted).

Here, Plaintiff has now alleged facts which support a plausible inference that he was arrested without probable cause: he has alleged that the responding officers knew that Plaintiff was not the driver because he was "located in the passenger side of the car involved in the fatal accident[.]" (Dkt. No. 10 ¶ 15.) Thus, Plaintiff alleges, based on his location in the passenger seat, the officers knew that he was not the driver of the car. (*See id.*) Although rather threadbare, treating these facts as true and drawing all inferences in Plaintiff's favor as required, *see Scheuer*,

1  416 U.S. at 236, Plaintiff has now alleged sufficient facts identifying what was improper about the
2  arrest:  a reasonable officer at the scene would not have arrested a person in the passenger seat for
3  drunk driving.  *See March*, 2014 WL 3725931, at *4; *cf. Heyward v. Cal. Highway Patrol*, No. C-
4  14-03583 DMR, 2014 WL 4771567, at *3 (N.D. Cal. Sept. 24, 2014) (dismissing Section 1983
5  claims involving an allegedly false police report because the complaint did not specify what was
6  false about the report).  Plaintiff has therefore stated a claim of false arrest in the first cause of
7  action.

8         Similarly, the addition of the allegation that Plaintiff was located in the passenger seat
9  when the officers arrived such that they knew he was not the driver now means that the complaint
10 adequately pleads a claim of malicious prosecution, as well.  Malicious prosecution claims under
11 Section 1983 are based on state law elements.  *See Usher v. City of Los Angeles*, 828 F.2d 556,
12 562 (9th Cir. 1987); *see, e.g.*, *Gressett v. Contra Costa Cnty.*, No. C-12-3798 EMC, 2013 WL
13 2156278, at *11 (N.D. Cal. May 17, 2013).  In California, a plaintiff may demonstrate malicious
14 prosecution by establishing that the underlying prosecution (1) was commenced by or at the
15 direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was
16 brought without probable cause; and (3) was initiated with malice.  *Zamos v. Stroud*, *32* Cal. 4th
17 958, 965 (2004) (citations and quotation marks omitted, emphasis removed).

18        Plaintiff has now pleaded facts sufficient to meet each of the elements of the *Zamos* test.
19 With respect to the first element, Plaintiff has alleged that the unknown arresting officers "caused
20 the initiation of false charges" against Plaintiff and "were actively involved in causing the Plaintiff
21 to be prosecuted[,]" (Dkt. No. 10 ¶ 13); and that the charges were dismissed when DNA tests
22 confirmed that Plaintiff was not the driver of the vehicle, but only a passenger (*id.* ¶¶ 10-11).  *See*
23 *Gressett*, 2013 WL 2156278, at *11 (noting that where dismissal of criminal charges "is of such a
24 nature as to indicate the innocence of the accused, it is a favorable termination" for the purposes of
25 malicious prosecution).  With respect to the second element, having alleged that the officers knew
26 that Plaintiff was in the passenger seat of the car but arrested him anyway, Plaintiff has
27 sufficiently pleaded that he was arrested without probable cause.  *See March*, 2014 WL 3725931,
28 at *4 (describing the facts that must be considered when determining whether there is probable

United States District Court
Northern District of California

cause to believe that an individual has committed a crime). Similarly, having alleged that the officers knew Plaintiff was in the passenger seat and was therefore only a passenger, but arrested and prosecuted him as a driver anyway, Plaintiff has alleged that the officers acted with malice. (*See* Dkt. No. 10 ¶ 15-16.) Thus, as with the false arrest charges, Plaintiff's addition of the single allegation that the officers saw him in the passenger seat of the car and therefore knew he was not the driver—though threadbare, to be sure—has sufficiently bolstered his claim that he was arrested without probable cause.

Accordingly, the first cause of action of the FAC states a claim upon which relief may be granted.

### IV. Plaintiff's Cause of Action for Municipal Liability

As for his second cause of action, Plaintiff alleges a Section 1983 claim against Defendant City of Oakland for municipal liability based on the alleged violations of Plaintiff's Fourth Amendment rights. (Dkt. No. 1 ¶¶ 23-26.) To establish liability for governmental entities and municipalities under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978), "a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Reviewing the initial Complaint, the Court noted that Plaintiff had included all allegations of deliberate indifference save the first—deprivation of a constitutional right. *See Moore*, 2015 WL 333058, at *3. As the Court has now concluded that the FAC adequately pleads Fourth Amended violations for false arrest and malicious prosecution, Plaintiff's allegations now satisfy the first element required for municipal liability. Accordingly, Plaintiff's second cause of action also states a claim upon which relief may be granted.

### CONCLUSION

For the reasons set forth above, the FAC states a claim upon which relief can be granted and otherwise passes Section 1915 review. The Clerk of Court shall issue the summons. Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a

1  copy of the FAC, any amendments or attachments, Plaintiff's affidavit, and this Order upon the
2  Defendant.
3      This Order disposes of Docket No. 10.
4  **IT IS SO ORDERED**.
5  Dated:  February 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge