United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAINT DEJUAN MOORE,

    Plaintiff,

    v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 14-cv-05637-JSC

**ORDER DENYING SERVICE BY THE MARSHAL**

Re: Dkt. No. 39

    Plaintiff Saint DeJuan Moore alleges that the Oakland Police Department and California Highway Patrol Officers violated his Fourth Amendment rights and subjected him to false arrest and malicious prosecution. On review of the First Amended Complaint ("FAC") under 28 U.S.C. § 1915(e), the Court granted plaintiff leave to proceed *in forma pauperis* ("IFP") and ordered the U.S. Marshal to serve Defendant City of Oakland, the only Defendant named in the FAC along with a number of Doe defendants. (Dkt. No. 12.) Plaintiff then filed a Second Amended Complaint ("SAC") that in the caption provides the names of the Doe Defendants, who are individual Oakland police officers and California Highway Patrol officers. (Dkt. No. 22.) Plaintiff now requests an order directing the U.S. Marshal to serve remaining defendants. (Dkt. No. 39.)

    Before the Court will order service by the Marshal, it must review the complaint pursuant to Section 1915(e)(2), which parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Thus, as the Court explained in its earlier Order reviewing the complaint under Section 1915, it will not order service by the Marshal unless the complaint states a plausible claim for relief. *See Moore v. City of Oakland*, No. 14-cv-5637-JSC, 2015 WL 831612, at *1 (N.D. Cal. Feb. 23, 2015). "A claim has facial plausibility when the

1   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2   defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57

3   (2007).

4       Here, the SAC lists the names of individual defendants in the case caption, but aside from that includes no allegations pertaining to the individuals.  (*See* Dkt. No. 22.)  The SAC does not indicate which individuals are Oakland police officers, which individuals are California Highway Patrol Officers, each individual's involvement in the events described therein, or which claims (false arrest, malicious prosecution, or both) are alleged against each individual.  Instead, the body of the SAC remains unchanged, referring to "Defendant officers" generally.  Thus, as written, the SAC fails to state a plausible claim against any of the individual officers named in the case caption and, accordingly, fails to pass Section 1915 review as to these individual defendants.

12       The therefore Court DENIES Plaintiff's request for an order directing the U.S. Marshal to serve, without prepayment of fees, the SAC on the individual officers listed in the case caption.  This denial is without prejudice to renewing the request after amending the complaint to state a plausible claim against each individual defendant.  If Plaintiff wishes to file a Third Amended Complaint, he must do so by October 15, 2015.

17       This Order disposes of Docket No. 39.

18   **IT IS SO ORDERED.**

19   Dated:  September 24, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge