UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT DEJUAN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 14-cv-05637-JSC<br><br>**ORDER REVIEWING THIRD AMENDED COMPLAINT AND ORDERING SERVICE BY THE MARSHAL** |

Plaintiff Saint DeJuan Moore alleges that the Oakland Police Department and California Highway Patrol Officers violated his Fourth Amendment rights. The Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and, on review of the First Amended Complaint ("FAC"), concluded that Plaintiff had adequately pleaded for the purposes of Section 1915(e) review that the unknown officers subjected him to false arrest and malicious prosecution and, accordingly, ordered the U.S. Marshal to serve Defendant City of Oakland (the "City"), the only Defendant named therein along with a number of Doe defendants. (Dkt. No. 12.) Plaintiff then filed a Second Amended Complaint ("SAC") that in the caption provided the names of eleven individual defendants, who were all individual Oakland police officers and California Highway Patrol ("CHP") officers, but otherwise included no allegations pertaining to those individuals. (Dkt. No. 22.) The Court therefore denied Plaintiff's request for an order directing the U.S. Marshal to serve, without prepayment of fees, the SAC on the individual officers. (Dkt. No. 42 at 2.) This denial was without prejudice to renewing the request after amending the complaint to state a plausible claim against each individual defendant. (*Id.*)

Plaintiff has since filed a Third Amended Complaint ("TAC"), which names two officers as Defendants: Oakland Police Officer Daniel Tirapelli ("Tirapelli") and CHP Officer Sean Deise

1   ("Deise"). (Dkt. No. 44.) Plaintiff brings Section 1983 claims against Deise for both false arrest
2   and malicious prosecution, and against Tirapelli only for malicious prosecution.
3         With respect to the false arrest, Plaintiff alleges that Deise was the arresting officer who
4   observed Plaintiff seated in the passenger seat during the car chase that ultimately ended in the
5   fatal accident. (Dkt. No. 44 ¶¶ 8.) Following the collision, both the driver and Plaintiff fled the
6   scene on foot, and Deise nevertheless apprehended and arrested Plaintiff. (*Id.* ¶ 9.) This is
7   enough, for the purposes of Section 1915, to allege that Deise falsely arrested Plaintiff inasmuch
8   as a reasonable officer at the scene would not have arrested a person in the passenger seat for
9   drunk driving. *See March v. Twin Cities Police Auth.*, C 1400512 SI, 2014 WL 3725931, at *4
10  (N.D. Cal. July 25, 2014).
11        As for the malicious prosecution claim against Deise and Tirapelli, Plaintiff alleges that he
12  was subsequently charged with murder in connection with the fatal accident. (Dkt. No. 44 ¶ 10.)
13  Tirapelli initiated a criminal investigation on the City's behalf and failed to request a DNA test of
14  the car's steering wheel until almost 10 months after Plaintiff was arrested despite knowing that
15  such evidence existed. (*Id.* ¶¶ 11, 32.) Plaintiff alleges that both officers misled the prosecution to
16  believe there was probable cause to arrest Plaintiff for murder, and testified at Plaintiff's
17  preliminary hearing in a manner that misled the judge into believing that Plaintiff should be held
18  to answer on the murder charge. (*Id.* ¶¶ 13-14.) Plaintiff was prosecuted for the offense while
19  incarcerated at the county jail for 18 months, and was ultimately released from custody when
20  DNA tests confirmed that he was not the driver. (*Id.* ¶ 16.) Plaintiff alleges that Deise acted with
21  malice because he knew there was no probable cause to arrest Plaintiff, and that Tirapelli acted
22  with malice because he knew there was exculpatory DNA evidence that would have demonstrated
23  Plaintiff's innocence. (*Id.* ¶¶ 21, 32.) Plaintiff has therefore pleaded facts sufficient to allege a
24  malicious prosecution claim against each officer for the purposes of Section 1915 review. *See*
25  *Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004) (noting that a plaintiff may demonstrate malicious
26  prosecution by establishing that the underlying prosecution (1) was commenced by or at the
27  direction of the defendant and was pursued to a legal termination in plaintiff's favor, (2) was
28  brought without probable cause, and (3) was initiated with malice).

The TAC therefore adequately alleges Section 1983 claims against Deise and Tirapelli for the purposes of Section 1915 review. This Order is without prejudice to Defendants moving to dismiss the claims against Deise and Tirapelli on any grounds. The Clerk of Court shall issue the summons. Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the FAC, any amendments or attachments, Plaintiff's affidavit, and this Order upon Deise and Tirapelli.

In light of this Order, the Case Management Conference currently scheduled for December 10, 2015 is CONTINUED to February 11, 2016 at 1:30 pm.

**IT IS SO ORDERED.**

Dated: December 9, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3